UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Karen Ranney, *et al.*,　　　　　　　　　　　　Case No. 1:08cv137

　　　　Plaintiffs,　　　　　　　　　　　　　　Michael R. Barrett, Judge

　　-vs-

American Airlines, *et al.*,

　　　　Defendants.

**OPINION & ORDER**

　　This Court has previously granted the Joint Motion for Final Approval of Class Action Settlement (Doc. 132) and approved the settlement on January 21, 2016. (Doc. 135). The only issue remaining before this Court is the issue of attorneys' fees. Plaintiffs have filed a Motion for Attorney Fees and Costs. (Doc. 130). In addition, counsel for Plaintiffs was heard on this matter at the final fairness hearing on January 15, 2016. (Doc. 134). No objections to the attorney fees and costs have been filed, nor were any objections raised at the final fairness hearing.

　　Plaintiffs brought this action as a result of Defendants' decision to close their Cincinnati Reservations Office and terminate Plaintiffs' employment. Plaintiffs brought their claims as a collective action under the Age Discrimination in Employment Act ("ADEA") and as a class action pursuant to Federal Rule of Civil Procedure 23. As part of the parties' Joint Stipulation, Plaintiffs agreed to settle all claims asserted against Defendants in this action in exchange for an allowed claims in Debtors' bankruptcy cases on the allowed unsecured total amount of $500,000 to satisfy the Individual

Settlement Payments to Participating Class Members, the Claims Administration Costs to the Independent Claims Administrator, the Class Counsel Award, QSF Taxes and Payroll Taxes.  (Doc. 127).  The Joint Stipulation provides that counsel for Plaintiffs ("Class Counsel") may move for an award of attorney fees and costs not to exceed $220,00.00.  (Id., ¶ 6).   Plaintiffs seek an award of $171,396.89 for attorneys' fees and $48,603.11 in costs.  (Doc. 130).

In the Sixth Circuit, district courts have the discretion "to determine the appropriate method for calculating attorneys' fees in light of the unique characteristics of class actions in general, and the particular circumstances of the actual cases pending before the Court" using either the percentage or lodestar approach.  *In re Cardinal Health Inc. Sec. Litig.*, 528 F.Supp.2d 752, 761 (S.D. Ohio 2007) (citing *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 779 (6th Cir. 1996)).

"To determine the "lodestar" figure, the Court multiplies the proven number of hours reasonably expended on the litigation by a reasonable hourly rate."  *Lonardo v. Travelers Indent. Co.*, 706 F. Supp.2d 766, 788 (N.D. Ohio 2010) (citing *Reed v. Rhodes*, 179F.3d 453,471 (6th Cir. 1999)).  "The Court may then adjust the lodestar figure up or down based on a number of factors designed to account for case specific circumstances."  *Id.* at 788-789 (citation omitted).  "In contrast, under the percentage of the fund method, the court simply determines a percentage of the settlement to award the class counsel."  *Id.* at 789 (citation omitted).  In general, the percentage of the fund method is used ". . . where there is a single pool of money and each class member is entitled to a share (*i.e.*, a 'common fund')."  *Id.*  In this district, "the preferred method is to award a reasonable percentage of the fund, with reference to the lodestar and the

resulting multiplier." *Swigart v. Fifth Third Bank*, No. 1:11-CV-88, 2014 WL 3447947, at *5 (S.D. Ohio July 11, 2014) (quoting *Connectivity Sys. Inc. v. Nat'l City Bank*, No. 2:08–CV–1119, 2011 WL 292008, at *13 (S.D.Ohio Jan.26, 2011)).

In this case, the requested award of attorney fees and costs ($220,000.00) would be 44% of the settlement fund ($500,000.00). This percentage is within the range of the percentages typically approved in class action settlements. *See In re Broadwing, Inc. ERISA Litigation*, 252 F.R.D. 369, 380 (S.D. Ohio 2006) ("Attorneys fees awards typically range from 20 to 50 percent").

In reviewing the reasonableness of a fee award, this Court considers six factors: (1) the value of the benefits rendered to the class; (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (3) whether the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis (the lodestar cross-check); (5) the complexity of the litigation; and (6) the professional skill and standing of counsel on both sides. *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974). "There is no formula for weighing these factors. Rather, the Court should be mindful that each case presents a unique set of circumstances and arrives at a unique settlement, and thus different factors could predominate depending on the case." *In re: Cardinal Health Inc. Securities Litigations*, 528 F. Supp.2d at 764 (citing *Rowlings*, 9 F.3d at 516).

Under the proposed Plan of Allocation, after deducting attorneys' fees and costs, Settlement Administrative costs and estimated employer taxes totaling $32,068.19, the Net Settlement Amount to Class Members who submitted claims was $234,931.81. The

estimated settlement amounts for each participating class member was calculated using the formula described in Exhibit C of the Joint Stipulation of Class Action Settlement and Release. In total, the following amounts were allocated: $17,500 to Class Representatives who submitted a Claim Form; $102,000 to Non-Class Representatives who submitted a Claim Form; $49,000 to Non-Plaintiffs who submitted material assistance to Plaintiffs' Counsel and submitted a Claim Form; and $66,431.81 to all Class Members who submitted a Claim Form.

The billing records supplied by Class Counsel are sufficiently detailed so as to provide this Court with reliable information for meaningful review and analysis. Class Counsel conducted formal and informal discovery, including depositions, retained two expert witnesses, attended numerous meetings and conferences with counsel for Defendants, and engaged counsel for Defendants in extensive armslength negotiations in preparation for and following a mediation before Magistrate Judge Bowman. The Summary of Billable Hours and Costs shows that Class Counsel expended 2091.5 hours for a total cost of fees in the amount of $405,845.00. (Doc. 130, Ex. A). However, Class Counsel is seeking an award of only $171,396.89 for attorneys' fees. Therefore, Class Counsel is seeking less than the lodestar amount, and is not seeking a multiplier.

Class Counsel has also submitted the Declaration of Stephen Simon, who opines that the hours and rates of Class Counsel are reasonable in view of the complexity and level of difficulty of this case. (Doc. 130, Ex. D).

Further, the Court is familiar with Class Counsel's experience and qualifications. Counsel is highly qualified and highly experienced, and they brought their skills to bear in this case in a diligent and professional manner.

This Court, having considered Plaintiffs' Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses hereby concludes that Plaintiffs' Counsel's requested fee and expenses award equal to $220,000 is fair and reasonable; and concludes that Claims Administrator fee requested by Simpluris in the amount of $13,000 was reasonable and necessary in the prosecution of this Action on behalf of the Class. Therefore, Plaintiffs' Motion for Attorney Fees and Costs (Doc. 130) is **GRANTED**.

The attorneys' fees and expenses shall be paid to Plaintiffs' Counsel as provided in the Stipulation, for allocation to Plaintiffs' Counsel. The fee award will also cover the additional time Plaintiffs' Counsel will spend on the administration of the Settlement.

**IT IS SO ORDERED**.

　　　　　　　　　　　　　　　　　　　　　 */s/ Michael R. Barrett*　　　
　　　　　　　　　　　　　　　　　　Michael R. Barrett, Judge
　　　　　　　　　　　　　　　　　　United States District Court